# Trapp *v.* The State *ex rel.* Roney.

### Application for Mandamus to President of Board of Inspectors of Convicts.

1. *Solicitors; solicitors pro tem. entitled to compensation for services,* .
   *payable out of State treasury.*—Under the statute (Code of 1896,
   § 5522), on a conviction by a solicitor *pro tem.*, who has been le-
   gally appointed, he is entitled to the same compensation for
   services rendered, to be taxed in the bill of costs against the
   defendant and paid out of the State Treasury; as is allowed the
   regular solicitor, (Code of 1896, § 4561).

2. *Compensation of solicitor pro tem; when mandamus will be awarded
   to compel President of Board of Convict Inspectors to request pay-
   ment out of State Treasury* —The fact that the bill of costs, cer-
   tified by the clerk of a court wherein a conviction is had, to the
   President of the Board of Inspectors of Convicts, contains a
   solicitor's fee for services rendered by a solicitor *pro tem.* in se-
   curing the conviction, does not authorize a refusal by the Presi-
   dent of the Board of Inspectors of Convicts to request the
   Auditor to draw his warrant in favor of such clerk; and upon
   the President of the Board of Inspectors of Convicts refusing
   to make such request, as required by the statute (Acts of 1896-
   97, p 1582; Cr. Code of 1896, p. 214), if such bill of costs is
   unobjectionable in all other respects, he will be compelled
   thereto by *mandamus*.

3. *Solicitor's fees; costs of prosecution; President of Board of Inspec-
   tors of Convicts required to request Auditor to pay bill of costs, al-
   though execution against defendant is not returned "no property
   found."*—Section 4570 of the Criminal Code of 1896, which pro-
   vides for the payment of certain fees when an execution is re-
   turned "No property found," relates only to the fees allowed

[Trapp v. The State *ex rel.* Roney.]

sheriffs in certain cases, and does not refer to or in any way affect the fees payable to a solicitor, where there has b· en a conviction in a criminal case ; and the President of the Board of Inspecto·s of Convicts is required to request the Auditor, in writing, to draw his warrant on the State Treasurer to pay a bill of costs which is, in every way, unobjectionable (Cr. Code of 1896, §§ 4431, *et seq.*), although an execution against the defendant has not been returned "No property found."

APPEAL from the City Court of Montgomery.
Heard before the Hon. A. D. SAYRE.

The State, on the relation of W. H. Roney, as clerk of the circuit court of Macon county, filed the petition in this case, addressed to the judge of the city court of Montgomery, in which it was prayed that a writ of *mandamus* be issued requiring S. B. Trapp, as President of the Board of Inspectors of Convicts, to request the Auditor in writing to draw his warrant on the State Treasurer for the payment of the bill of costs, which was forwarded by the relator to said Trapp for his approval, and for the payment of which said Trapp, as President of the Board of Inspectors of Convicts, declined to request the Auditor in writing to draw his warrant.

The only item in the bill of costs objected to by the President of the Board of Inspectors was that for the payment of the fee of a solicitor who was appointed by the court to act in the place of the regular solicitor. It was alleged in the petition and shown that at the regular term of the circuit court of Morgan county the solicitor of the circuit to which said county belonged was absent on account of sickness, that the presiding judge, by order regularly entered on the minutes of the court, appointed Milo Abercrombie, Esq., an attorney at law, "to act in the place of the solicitor" in all respects as provided by section 5522 of the Code of 1896 ; and that it was the fee which was earned by said Milo Abercrombie, which was included in the bill of costs presented by the relator to the President of the Board of Convict Inspectors. The other facts of the case are sufficiently stated in the opinion.

Upon the hearing of the cause, a judgment was rendered granting the prayer of the petition, and ordering that a

peremptory writ of *mandamus* be issued to the respondent requiring him to request the Auditor in writing to draw his warrant on the State Treasurer for the payment of the bill of costs mentioned in the petition, including the solicitor's fee. From this judgment the present appeal is prosecuted, and the rendition thereof is assigned as error.

CHARLES G. BROWN, Attorney-General, for the State.

WILLIAM L. MARTIN, *contra.*—The special solicitor in this case was entitled to be paid his fee, and have them taxed as solicitor's fees in the conviction secured by him. The provisions of section 5522, for the appointment of a special solicitor in certain emergencies, have been in existence many years. It expressly provides that the special solicitor shall be entitled to the fees of the solicitor on convictions secured by him. If the question was ever at any time a doubtful one, the act of February 18, 1897, under which this claim is made, removed all room for doubt. Section 1 of that act, which enumerates the items of cost to be paid in a penitentiary case, says : "And when the conviction is secured by a solicitor other than a solicitor who is paid a salary by the State, or when the solicitor is paid a salary by the county, such bill of costs shall also include the solicitor's fee which is now or may be allowed by law." The conviction in this case was unquestionably secured by a solicitor other than one who is paid a salary by the State.

TYSON, J.—This is an appeal prosecuted by S. B. Trapp, as President of the Board of Inspectors of Convicts, for the State of Alabama, from a judgment of the city court of Montgomery, awarding a peremptory writ of *mandamus* against him, compelling him to request the Auditor of the State in writing to draw his warrant upon the State Treasurer, for the payment of a certain bill of costs, including a solicitor's fee earned by a solicitor *pro tem.*, duly and regularly appointed by the court to prosecute for the State in the absence of the solicitor, who was sick.

[Trapp v. The State *ex rel.* Roney.]

There are only two questions presented for consideration : *First,* is a solicitor *pro tem.*, who has been legally appointed, entitled to compensation for services rendered to be paid out of the State treasury? *Second,* is the President of the Board of Inspectors of Convicts required to request the Auditor in writing to draw his warrant to pay a bill of costs until after an execution against the defendant is returned "No property found?"

. Section 4561 of the Code of 1896 provides for and specifies the amount of each solicitor's fee to be taxed against a defendant on conviction. Prior to February 21, 1893, these fees when collected were paid to the solicitor as compensation for services rendered by him, and were the only perquisites attached to this office. By an act of the General Assembly of that date, circuit solicitors' compensation is fixed at a salary of twenty-four hundred dollars *per annum,* to be paid monthly in instalments, on the warrant of the Auditor drawn upon the State Treasurer, and certain commissions which it is not necessary here to note. Under the provisions of this act, all fees, which may be by law taxed as solicitors' fees against defendants, on convictions *secured by a solicitor* who is paid a salary by the State, belong to *the State,* and *when collected* must be paid into the State treasury.— Code of 1896, § 5529. It is clear that the State under this provision is entitled to only those fees *secured* or earned by a *solicitor* who is paid a salary.

When fees are earned or secured by a solicitor *pro tem.* legally appointed by the court, he is entitled to all fees allowed the solicitor, which shall be taxed against the defendant, on conviction, to be collected in the same manner that solicitors' fees are collected.—Code of 1896, § 5522.

Under the provisions of the act of February 18, 1895, (Code, 1896, §§ 4431 *et seq.*), organizing and establishing a convict system, the Board of Inspectors of Convicts are, among other things, given the entire control of all State convicts, that is, those convicted of a felony, in the matter of making contracts for their hire, etc. Certain items of costs are enumerated in these provisions to be taxed against the defendant upon conviction of a felony, and sentenced to imprisonment in the penitentiary, but

[Trapp v. The State *ex rel.* Roney.]

the amount of each is not fixed; among these is a solicitor's fee when the conviction is secured by a solicitor other than a solicitor who is paid a salary by the State. These cost bills are to be paid out of the State treasury, upon a warrant drawn by the Auditor in favor of the clerk of the court, in which the conviction is had. As a condition precedent to the authority of the Auditor to draw this warrant, the clerk must make oath to the correctness of the bill of costs, and forward it to the President of the Board of Inspectors, whose duty it is to examine the same carefully, and if found correct, shall request the Auditor to draw the warrant.

On the 18th day of February, 1897, (Code, 1896, p. 214) an act was passed, to provide for the payment out of the convict funds, certain items of costs, in felony cases, to fix the amount of said items, to prescribe the extent to which such costs will be paid, and the manner of paying them. Among the items named, we find that when "the conviction is secured by a solicitor other than a solicitor who is paid a salary by the State, or when the solicitor is paid a salary by the county, such bill of costs shall also include the solicitor's fee which is now or may be allowed by law." That the clerk of the court, in which the conviction is had, shall make out a bill of the costs in the case, make oath to its correctness and that the same is a legal charge against the defendant, and forward it to the President of the Board of Inspectors of Convicts, whose duty it is, to carefully examine the same, and if found correct, he shall request the Auditor in writing to draw his warrant upon the Treasurer for its payment to the clerk out of the convict fund. We have stated the substance of all the enactments touching the subject under consideration, notwithstanding by doing so it involved repetition.

It appears from the record in this case that the only reason assigned by appellant for refusing to give the appellee the written request to the Auditor, was upon the ground that the bill of costs presented or forwarded to him contained a solicitor's fee for services rendered by a solicitor *pro tem*. We must conclude, therefore, that the bill as presented was unobjectionable in all other respects.

[Trapp v. The State *ex rel.* Roney.]

It requires no argument to show that it was the manifest intention of the legislature, from what appears in the foregoing enactments, to compensate solicitors *pro tem.* for services rendered, and that such compensation is fixed in amount by section 4561, cited *supra*. Indeed, in every instance, where the question of compensation for services rendered by solicitors was being legislated upon, there is a clear expression of legislative intent to provide compensation for services rendered by a solicitor *pro tem.*

The contention involved in the second inquiry stated in the first part of this opinion, that appellant was not required to make the written request of the Auditor until an execution against the defendant is returned "No property found," is untenable. This contention arises out of a misconstruction of section 4570 of the Code of 1896, in which the provision is found providing for the payment of certain fees after return of execution. This section is substantially the same in all the Codes, since the penal Code of 1866. We find it first in a codified form in the Code of 1866. In each of these Codes, it has reference to the fees allowed sheriffs, and regulates their manner of payment. Besides, it only purports to regulate the mode, in those cases, where no other provision is made by law for their collection. At the time of its first codification, a very different system for the hiring of convicts and the collection of costs taxed against them prevailed in this State. We have no doubt that this section has no bearing upon the questions involved in this case, and, therefore, can exert no influence in its consideration. It was the plain duty of appellant under the facts in this case to request the Auditor, in writing, to issue the warrant upon the treasurer to appellee to pay the cost bill presented to him, including the fee for services rendered by the solicitor *pro tem.* in securing the conviction.

Judgment affirmed.